BOROUGH OF MOUNTAINSIDE, PLAINTIFF IN ERROR, v. BOARD OF EQUALIZATION OF TAXES OF NEW JERSEY AND NEWARK ORPHAN ASYLUM ASSOCIATION, DEFENDANTS IN ERROR.

Submitted March 27, 1911—Decided June 19, 1911.

1. Under the "Act for the assessment and collection of taxes" (*Pamph. L.* 1903, *p.* 394, § 3, ¶ 4), which declares that the following property (among others) shall be exempt from taxation under this act, viz.: "All buildings actually and exclusively used for * * * asylums or schools for feeble-minded or idiotic persons and children, and owned by corporations of this state authorized to carry on such charities, and the land whereon the same are situated necessary to the fair use and enjoyment thereof, not exceeding five acres in extent for each, the furniture thereof and personal property used therein * * * ; also all buildings used exclusively for purposes considered charitable under the common law * * * with the land whereon the same are erected and which may be necessary for the fair enjoyment thereof, and the furniture and personal property used therein,"—the exemption from taxation depends upon the user of the property alone, and is not controlled by the question whether the association is devoting to charitable purposes more property, or property located otherwise, than is permitted by its charter.

2. If a charitable association usurps franchises not conferred upon it by the legislature, relief may be had by a *quo warranto* at the instance of the attorney-general, but such usurpation does not affect the question of the liability of its property to taxation.

On error to the Supreme Court, whose opinion is reported in 51 *Vroom* 38.

For the plaintiff in error, *Frederick S. Taggart.*

For the defendants in error. *E. A. & W. T. Day.*

The opinion of the court was delivered by

PITNEY, CHANCELLOR. The Supreme Court affirmed a judgment of the state board of equalization whereby a portion of the real estate of the Newark Orphan Asylum Association,

located within the borough of Mountainside, was exempted from taxation. The property owned by the association within the borough consists of certain buildings and the personal property therein, with a tract of land comprising seventeen acres, devoted to the purposes of an asylum for children. The state board exempted the personal property, the buildings and five acres of the land, leaving the remaining twelve acres subject to taxation. The case came before the Supreme Court upon a writ of *certiorari*, allowed at the instance of the borough, and upon an agreed statement of the facts of the case, from which it appears, among other things, that the personal property and the land to the extent of five acres are required for the uses of the asylum, but the remaining twelve acres are not necessary for the fair use and enjoyment of the buildings. It is not disputed that the buildings are used exclusively for purposes considered charitable under the common law.

The "Act for the assessment and collection of taxes" (*Pamph. L.* 1903, *p.* 394), in paragraph 4 of section 3, declares that the following property (among others) shall be exempt from taxation under this act, viz.: "All buildings actually and exclusively used for  *  *  *  asylums or schools for feeble-minded or idiotic persons and children, and owned by corporations of this state authorized to carry on such charities, and the land whereon the same are situated, necessary to the fair use and enjoyment thereof, not exceeding five acres in extent for each, the furniture thereof and personal property used therein;  *  *  *  also all buildings used exclusively for purposes considered charitable under the common-law  *  *  *  with the land whereon the same are erected and which may be necessary for the fair enjoyment thereof, and the furniture and personal property used therein."

Whether the Supreme Court was right in its view that the latter clause, of those just quoted, is to be construed by analogy to the first clause with respect to the limitation of the exemption of land to a plot of five acres, is, we think, not necessary to be now decided. If the first clause applies, the limitation of five acres is found in the wording of the clause itself. If

the second clause applies, the limitation is found in the stipulated facts, and does not depend upon any construction of the act.

The principal contention made in behalf of the plaintiff in error in this court is that lands of the orphan asylum association lying outside of the city of Newark ought not to be exempted, because its lands in the city of Newark have been exempted, and its charter permits it to hold no other property for its use as an asylum than in Newark.

If the tax exemption were claimed by virtue of anything contained in the charter, this argument would require consideration. But the exemption that has been allowed to the association with respect to its property in the borough of Mountainside arises out of the act of 1903, and depends and is based upon the user of the property alone, and is not controlled by the question whether the association is devoting to charitable purposes more property, or property located otherwise, than is permitted by its charter.

If the association is usurping franchises not conferred upon it by the legislature, relief may be had by a *quo warranto* at the instance of the attorney-general. But any inquiry of that sort is aside from the present question.

The judgment under review should be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Bergen, Voorhees, Minturn, Bogert, Vredenburgh, Congdon, Sullivan, JJ. 10.

*For reversal*—None.